UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DAVID E. NORTHRUP,

               Petitioner,

v.

RANDY BLADES, Warden,

               Respondent.

Case No. 1:14-cv-00371-CWD

**MEMORANDUM DECISION AND ORDER**

Pending before the Court is Petitioner David E. Northrup's Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal. (Dkt. 12.) Petitioner has filed several responses to the Motion.[1] (Dkt. 19, 20, 21, 23.) Respondent has filed a Reply. (Dkt. 22.) Petitioner has also filed a Motion for Appointment of Counsel. (Dkt. 15.)

---

[1]     The Court will grant Petitioner's Motion for Extension of Time to file his response. The Court has considered all of Petitioner's responses, even though some of them are virtually identical.

**MEMORANDUM DECISION AND ORDER - 1**

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 11.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is not necessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order.

## BACKGROUND

The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on December 17, 2014. (Dkt. 13.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Petitioner was charged in the Fourth Judicial District Court in Ada County, Idaho, of (1) one count of attempted strangulation, in violation of Idaho Code § 18-923; (2) one count of felony domestic violence in the presence of a child, in violation of Idaho Code §§ 18-903(a), 18-918(2), and 18-918(4); and (3) one count of misdemeanor violation of a no contact order, in violation of Idaho Code § 18-920. (State's Lodging A-1 at 41-42.)

On the day of trial, Petitioner pleaded guilty to the misdemeanor violation of a no contact order, and jury selection began with respect to the remaining two counts. (*Id*. at 115-117.) According to Petitioner, during voir dire the prosecutor made several comments comparing strangulation to homicide, despite warnings from the trial judge to refrain from doing so. (Dkt. 3 at 6-7.) Although the court minutes show that the trial court held bench conferences with counsel during voir dire, the minutes do not reveal the

**MEMORANDUM DECISION AND ORDER - 2**

substance of those conferences. (State's Lodging A-1 at 115-17.) Jury selection continued.

During a break in the proceedings, Petitioner agreed to plead guilty to the domestic violence charge (without the sentencing enhancement for committing it in the presence of a child) in exchange for the state's dismissal of the attempted strangulation charge. (State's Lodging A-3 at 5-6.) The state also agreed to limit its sentencing recommendation on the domestic violence charge to a unified ten-year sentence with four years fixed—with a suspended sentence and one year in the Ada County Jail—in addition to the sentence for the misdemeanor no-contact violation, on which there was no agreement as to the state's recommendation. (*Id.* at 7-10, 18-19.)

At sentencing, the parties essentially agreed as to the recommendation for a suspended sentence, but the state argued that the court should impose a consecutive sentence for the misdemeanor no-contact violation. (*Id.* at 18-28.) The sentencing judge did not follow the recommendation in the plea agreement for a suspended sentence and probation. Instead, she imposed a unified sentence of ten years in prison with four years fixed for the domestic violence conviction and a concurrent term of one year in jail for the no-contact violation. (*Id.* at 38-39.)

Petitioner appealed, arguing only that his sentence was excessive under Idaho law and that the state district court should have imposed probation. (State's Lodging B-3.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging B-6; B-8.)

**MEMORANDUM DECISION AND ORDER - 3**

Petitioner next filed a petition for state postconviction relief, arguing that he received ineffective assistance of counsel and that his guilty plea was involuntary. (State's Lodging C-2.) Counsel was appointed to represent Petitioner, but counsel did not file an amended petition. (State's Lodging C-5.) The state district court entered an order conditionally dismissing the petition and giving Petitioner 20 days to respond. (State's Lodging C-7 at 1-14.) Petitioner's attorney did not respond, and the petition was dismissed. (State's Lodging C-8.) No appeal was filed. Petitioner claims that his postconviction attorney did not notify him of the dismissal, and by the time Petitioner learned of it, the time for filing an appeal had expired. (Dkt. 3.)

In his federal habeas corpus petition, Petitioner asserts the following four claims: (1) that Petitioner was denied his due process right to an impartial jury[2]; (2) that he received ineffective assistance of trial counsel[3] based on counsel's failure to object to prosecutorial misconduct during voir dire; (3) that Petitioner received ineffective assistance of postconviction counsel; and (4) that Petitioner was denied due process when (a) the trial judge, and (b) Petitioner's counsel, allegedly threatened him so that Petitioner believed he would not receive a fair trial. It appears that, in this fourth claim, Petitioner is contending that his guilty plea was involuntary because it was a result of such threats.

The Court will now address the parties' motions in turn.

---

[2]     In Claim One, Petitioner also includes an ineffective assistance of counsel argument, but the Court will address that argument in the context of Petitioner's ineffective assistance claim set forth in Claim Two. (Dkt. 3 at 6.)

[3]     Although the second claim is labeled "Fourth Amendment/Due Process," the Court concludes that Claim Two was intended to assert a violation of Petitioner's Sixth Amendment right to the effective assistance of counsel. (*See* Dkt. 3 at 7.)

**MEMORANDUM DECISION AND ORDER - 4**

## PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

Petitioner moves for appointment of counsel. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or if an evidentiary hearing is required. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In considering the Motion for Summary Dismissal, the Court must address a narrow procedural issue—whether Petitioner properly presented his federal claims to the Idaho Supreme Court and whether, if he did not, cause and prejudice (or actual innocence) exists to excuse that failure—for which appointment of counsel is not required. Further, it appears from Petitioner's filings that he has been able to adequately bring his claims and protect his interests to date, and neither discovery nor an evidentiary hearing is warranted in this case.

The Court understands that Petitioner, like many habeas petitioners, does not have legal training or legal resources. Therefore, the Court independently reviews the case citations and references provided by the state for accuracy and applicability. The Court also does its own research to determine whether other cases not cited by the state apply.

Finally, the appellate review process before the United States Court of Appeals for the

Ninth Circuit is available to ensure that the case has been adjudicated according to the

proper legal standards. For these reasons, the Court will deny Petitioner's request for

counsel.

**RESPONDENT'S MOTION FOR SUMMARY DISMISSAL**

**1.      Standard of Law Governing Summary Dismissal**

Rule 4 of the Habeas Rules authorizes the Court to summarily dismiss a petition

for writ of habeas corpus or claims contained in the petition when "it plainly appears

from the face of the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court."

**2.      Claim Three Is Subject to Summary Dismissal as Non-Cognizable**

In Claim Three, Petitioner asserts that his postconviction attorney rendered

ineffective assistance. Claim Three is subject to summary dismissal because it does not

allege a violation "of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2254(a); *see Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("Federal habeas corpus relief

does not lie for errors of state law."); *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989)

(per curiam) (holding that federal habeas corpus is not the proper avenue to address errors

in a state's postconviction review process). Because there is no federal constitutional

right to counsel on postconviction review, there is similarly no right to the effective

**MEMORANDUM DECISION AND ORDER - 6**

assistance of counsel during postconviction proceedings.[4] *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Therefore, Claim Three must be dismissed.

### 3.    Claims One, Two, and Four Are Subject to Summary Dismissal as Procedurally Defaulted

#### A.    *Standard of Law Governing Procedural Default*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all federal constitutional claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise

---

[4]    Although there is no independent constitutional claim of ineffective assistance of postconviction counsel, such ineffective postconviction counsel (or lack of postconviction counsel) can serve as cause to excuse the procedural default of claims of ineffective assistance of trial or direct appeal counsel, as the Court explains below. *See Martinez v. Ryan*, 132 S. Ct. 1309 (2012); *Nguyen v. Curry*, 736 F.3d 1287, 1293 (9th Cir. 2013).

**MEMORANDUM DECISION AND ORDER - 7**

insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### B. Claims One, Two, and Four Are Procedurally Defaulted

The simplest manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings. The only claim Petitioner presented to the Idaho appellate courts was a claim that his sentence was excessive under state law. Petitioner did not fairly present any of his current habeas claims to the Idaho Supreme Court.

**MEMORANDUM DECISION AND ORDER - 8**

Petitioner does not dispute that Claims One, Two, and Four are procedurally defaulted. Rather, he argues that he should be excused from that default based on ineffective assistance of direct appeal counsel, as well as ineffective assistance of postconviction counsel.

### C.   *Petitioner Has Not Established Cause and Prejudice to Excuse the Procedural Default of Claims One, Two, or Four*

That Claims One, Two, and Four are procedurally defaulted does not end the inquiry. Even if a petitioner's claim is procedurally defaulted, a federal district court may still hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court, *Schlup v. Delo*, 513 U.S. 298, 329 (1995); or (2) a showing of adequate legal cause for the default and prejudice arising from the default, *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal *procedural* arguments that, if sufficiently established by the petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

### i.   General Standard for Cause and Prejudice under *Coleman v. Thompson*

A procedurally defaulted claim may be heard on the merits if a petitioner establishes cause and prejudice to excuse the default. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his

**MEMORANDUM DECISION AND ORDER - 9**

counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Cause for the default may exist as a result of ineffective assistance of counsel. For example, the failure on appeal to raise a meritorious claim of trial error may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for ineffective assistance of direct appeal counsel ("IADAC") to serve as cause to excuse a default, that IADAC claim must itself have been separately presented to the state appellate courts. *Id.* at 451 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.") If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show that an excuse for that separate default exists, as well.

ii.    Standard of Law for Cause and Prejudice under *Martinez v. Ryan*

A petitioner does not have a federal constitutional right to effective assistance of counsel during state postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of counsel during a postconviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

**MEMORANDUM DECISION AND ORDER - 10**

*Martinez v. Ryan* established a limited exception to this general rule, an exception that applies only to Sixth Amendment ineffective assistance of counsel ("IAC") claims. *Martinez* held that inadequate assistance of postconviction review ("PCR") counsel or lack of counsel at initial-review collateral proceedings "may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. at 1315. The Court will refer to claims of ineffective assistance of trial counsel as "IATC" claims.

In *Nguyen v. Curry*, 736 F.3d 1287, 1293 (9th Cir. 2013), the Ninth Circuit extended *Martinez*, holding that it can apply also to underlying claims of ineffective assistance of direct appeal counsel. Therefore, if a petitioner asserts IADAC as an independent claim, *Martinez* may be used to excuse the default of that claim. Postconviction counsel's ineffectiveness cannot constitute cause with respect to any claim other than an IATC or IADAC claim. *See Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (declining to extend *Martinez* to underlying claims based on *Brady v. Maryland*, 373 U.S. 83 (1963)), *cert. denied*, 134 S. Ct. 1771 (2014).

In *Trevino v. Thaler*, the Supreme Court described and clarified the four-prong *Martinez* analysis as requiring the following: (1) the underlying claim of ineffective assistance of counsel must be a "substantial" claim; (2) the "cause" consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding where the ineffective assistance of trial counsel claim could be brought; and (4) state law requires that an ineffective assistance of counsel claim be raised in an initial-review

**MEMORANDUM DECISION AND ORDER - 11**

collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. 133 S. Ct. 1911, 1918, 1921 (2013).

At issue in Petitioner's case are the first and second prongs of the *Martinez* analysis. Thus, for the *Martinez* exception to apply, Petitioner must bring forward evidence demonstrating that the underlying IAC claim is substantial. The United States Supreme Court has defined "substantial" as a claim that "has some merit." *Martinez*, 132 S. Ct. at 1318-19 (comparing the standard for certificates of appealability from *Miller-El v. Cockrell*, 537 U.S. 322 (2003)). Stated inversely, a claim is "*in*substantial" if it "does not have any merit or . . . is wholly without factual support." *Id.* at 1319.

Determining whether an IAC claim is substantial requires a federal court to examine the claim under *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner asserting ineffective assistance of counsel must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

Under the first *Strickland* prong, whether an attorney's performance was deficient is judged against an objective standard of reasonableness. *Id.* at 687-88. A reviewing court's inquiry into the reasonableness of counsel's actions must not rely on hindsight:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance

**MEMORANDUM DECISION AND ORDER - 12**

> requires that every effort be made to eliminate the distorting
> effects of hindsight, to reconstruct the circumstances of
> counsel's challenged conduct, and to evaluate the conduct
> from counsel's perspective at the time. Because of the
> difficulties inherent in making the evaluation, a court must
> indulge a strong presumption that counsel's conduct falls
> within the wide range of reasonable professional assistance;
> that is, the defendant must overcome the presumption that,
> under the circumstances, the challenged action might be
> considered sound trial strategy. There are countless ways to
> provide effective assistance in any given case. Even the best
> criminal defense attorneys would not defend a particular
> client in the same way.

*Id.* at 689 (internal citations and quotation marks omitted).

Strategic decisions "are virtually unchallengeable" if "made after thorough investigation of law and facts relevant to plausible options." *Id.* at 690. Moreover, an attorney who decides not to investigate a particular theory or issue in the case is not ineffective so long as the decision to forego investigation is itself objectively reasonable:

> [S]trategic choices made after less than complete
> investigation are reasonable precisely to the extent that
> reasonable professional judgments support the limitations on
> investigation. In other words, counsel has a duty to make
> reasonable investigations or to make a reasonable decision
> that makes particular investigations unnecessary. In any
> ineffectiveness case, a particular decision not to investigate
> must be directly assessed for reasonableness in all the
> circumstances, applying a heavy measure of deference to
> counsel's judgments.

*Id.* at 690-91.

If a petitioner shows that counsel's performance was deficient, the next step in the *Strickland* inquiry is the prejudice analysis. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the

**MEMORANDUM DECISION AND ORDER - 13**

error had no effect on the judgment." *Id.* at 691. To satisfy the prejudice standard, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability" is defined as a "probability sufficient to undermine confidence in the outcome." *Id*. As the *Strickland* Court instructed:

> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

*Id.* at 695-96.

To show prejudice based on deficient performance of counsel in a case where, as here, the petitioner pleaded guilty, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

These standards from *Strickland* for determining deficient performance and prejudice are, of course, the standards for an eventual review of the merits of the underlying IAC claim. The question whether an IAC claim is substantial under *Martinez*

**MEMORANDUM DECISION AND ORDER - 14**

is not the same as a merits review; rather, it is more akin to a preliminary review of a *Strickland* claim for purposes of determining whether a certificate of appealability should issue. *See Martinez*, 132 S. Ct. at 1318-19. Therefore, a court may conclude that a claim is substantial when a petitioner has shown that resolution of the merits of the *Strickland* claim would be "debatable amongst jurists of reason" or that the issues presented are "adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted). Thus, to determine whether a claim is substantial, *Martinez* requires the district court to *review* but not *determine* whether trial or appellate counsel's acts or omissions resulted in deficient performance and in a reasonable probability of prejudice, and to *determine* only whether resolution of the merits of the IAC claim would be debatable among jurists of reason and whether the issues are deserving enough to encourage further pursuit of them.

In addition to showing that the underlying IAC claim is substantial, a petitioner seeking to invoke the *Martinez* exception must also show either that he had no counsel on initial postconviction review, or that his PCR counsel was "ineffective under the standards of *Strickland*." *Martinez*, 132 S. Ct. at 1318; *see also Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014). Again, "ineffectiveness" is a term defined by *Strickland* as (1) deficient performance and (2) a reasonable probability of prejudice caused by the deficient performance. 466 U.S. at 694, 700.

      iii.      <u>Petitioner Has Not Established Cause and Prejudice To Excuse the Procedural Default of Claim One</u>

Claim One asserts that Petitioner was denied the right to an impartial jury.

**MEMORANDUM DECISION AND ORDER - 15**

a)   *Traditional, or* Coleman*, Cause and Prejudice Analysis as to Claim One*

Under the traditional cause and prejudice analysis of *Coleman v. Thompson* and *Edwards v. Carpenter*, Petitioner may use IADAC as cause to excuse the procedural default of Claim One only if his "cause" claim was separately presented to the Idaho state courts. However, any IADAC claim is procedurally defaulted because Petitioner has never raised such a claim—either in state court or in the instant Petition. Thus, Petitioner's secondary "cause" claim—IADAC—is procedurally defaulted, and—absent a showing of another level of cause and prejudice for the secondary claim—it cannot excuse the procedural default of Claim One.[5]

---

[5]     The *Edwards* opinion explained that a petitioner can use a procedurally-defaulted ineffective assistance of counsel claim (the "secondary claim") as cause for the default of a primary constitutional claim, if he shows cause and prejudice for the default of the secondary claim. 529 U.S. at 450-51. However, *Edwards* did not expound upon what types of arguments could constitute cause for the default of the secondary claim. This Court agrees with those courts that have applied the existing rule of *Murray v. Carrier*, 477 U.S. at 488—that cause for the procedural default "must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *See, e.g.,* Costa v. Hall, 673 F.3d 16, 25-26 5th Cir. 2012). Prior to *Martinez*, this reasoning would have exempted ineffective assistance of post-conviction counsel, because there is no right to effective assistance of post-conviction counsel; hence, post-conviction counsel's errors were attributed to the petitioner under principal-agency law.

Here, Petitioner appears to argue that the *Martinez* exception should be overlaid upon the *Edwards* exception, to permit him to show cause for the default of his secondary IADAC claim by showing that his post-conviction counsel was ineffective for failing to bring that secondary claim. There is no case of precedent addressing this theory.

*Edwards* specified that the secondary claim must be one of constitutional dimension, 529 U.S. at 451. *Edwards* did not address whether the cause for the default at the secondary level must also be of a constitutional dimension, which a *Martinez* post-conviction counsel ineffectiveness claim is not. However, in *Martinez*, the Court for the first time seemed to place ineffective assistance of counsel claims that *were defaulted in the first collateral review* on the same footing as constitutionally-based ineffective assistance of counsel claims, for the limited purpose of showing "cause" in a *Coleman* "cause and prejudice" analysis. *Martinez*, 132 S. Ct. at 1316. Because the Ninth Circuit expanded *Martinez* to apply to ineffective assistance of direct appeal counsel claims, *Martinez* could potentially apply at the level of the secondary claim in an *Edwards* analysis. However, the *Martinez* Court emphasized the narrowness of

Moreover, Petitioner cannot show prejudice as to his underlying claim that he was denied the right to an impartial jury. Petitioner explicitly acknowledged, during his change of plea hearing, that he was waiving his right to a jury trial by pleading guilty:

| The Court: | . . . .You have a constitutional right to a trial by jury. If you plead guilty, you're giving up that constitutional right. |
| --- | --- |
| The Defendant: | Yes, Your Honor. |

(State's Lodging A-3 at 10.) Because Petitioner cannot show any prejudice from appellate counsel's failure to raise Claim One on appeal, the procedural default of Claim One is not excused.

> b)      Martinez *Cause and Prejudice Analysis as to Claim One*

Because Claim One—denial of the right to an impartial jury—is not an IATC or IADAC claim, Petitioner cannot use ineffective assistance of PCR counsel, under *Martinez*, as cause to excuse the procedural default of Claim One. *See Hunton*, 732 F.3d at 1126-27.

> iv.      <u>Petitioner Has Not Established Cause and Prejudice To Excuse the Procedural Default of Claim Two</u>

Claim Two asserts that Petitioner's trial counsel rendered ineffective assistance by failing to object to the prosecutor's conduct during voir dire. If the "cause" asserted by

---

the exception, 132 S. Ct. at 1320, and thus it is inappropriate for a district court to make the leap to extend the *Martinez* exception in the context Petitioner suggests.

In any event, the resolution of this complex legal question does not affect the outcome of this case, because the secondary claim is not substantial, as the Court explains in its "prejudice" analysis.

On a different point, the Court reiterates that Petitioner does not assert an independent IADAC claim in his Petition. Rather, he argues only that IADAC constitutes cause to excuse the procedural default of his other claims.

**MEMORANDUM DECISION AND ORDER - 17**

Petitioner is ineffective assistance of direct appeal counsel, the result under a traditional *Coleman* cause and prejudice analysis is the same as Claim One—the IADAC "cause" argument is itself procedurally defaulted and therefore cannot be used to excuse the default of Claim Two.[6]

However, because Claim Two is an IATC claim, *Martinez v. Ryan* is potentially available to excuse the default of Claim Two. In an attempt to establish cause and prejudice with respect to Claim Two, Petitioner asserts that his postconviction counsel was ineffective because counsel did not notify Petitioner of the dismissal of his state postconviction petition. However, the Court need not reach this question, because it concludes that Petitioner has failed to establish that Claim Two is substantial under the first prong of the *Martinez* analysis.

Because Petitioner pleaded guilty, to establish ineffective assistance of trial counsel, Petitioner must show a reasonable probability that, but for counsel's failure to object to the prosecutor's statements during voir dire, Petitioner would not have pleaded guilty but instead would have insisted on going to trial. *See Hill*, 474 U.S. at 59. Petitioner has failed to do so. It is clear from the transcript of the plea hearing that Petitioner pleaded guilty to avoid an attempted strangulation conviction, not because of anything the prosecutor said in voir dire. Petitioner did indicate during the plea colloquy

---

[6] The Court also notes that direct appeal counsel was clearly not ineffective for failing to raise Claim Two, because Claim Two is an ineffective assistance of trial counsel claim. In Idaho, such claims are generally heard only in postconviction proceedings. *See Matthews v. State*, 839 P.2d 1215, 1220 (Idaho 1992) (recognizing that, in Idaho, the post-conviction setting is the "preferred forum for bringing claims of ineffective assistance of counsel," though in limited instances such claims may be brought on direct appeal "on purported errors that arose during the trial, as shown on the record"). Therefore, the issue of cause and prejudice for the default of Claim Two is better addressed in a *Martinez* analysis.

**MEMORANDUM DECISION AND ORDER - 18**

that "the way [the prosecutor] went about talking to the jury," presumably during voir dire, factored into his decision to plead guilty. (State's Lodging A-3 at 14.) However, Petitioner clarified that he believed he would be convicted at trial because of the severe nature of the charge: "Everybody says that—acts like I tried to kill my wife, which ain't the case. So the attempted strangulation, everybody thinks that since they charged you with it, you tried to kill your wife. So, therefore, I'm taking the deal under that." (*Id.*)

Petitioner has simply not shown a reasonable probability that, had counsel objected to the prosecutor's comments during jury selection, Petitioner would have insisted on going to trial. Instead, Petitioner wanted to benefit from pleading guilty by avoiding an attempted strangulation conviction, and he received precisely what he bargained for.

Because Claim Two is insubstantial, the Court need not decide whether Petitioner's PCR counsel rendered ineffective assistance by failing to notify Petitioner of the dismissal of his state postconviction petition.

> v.      Petitioner Has Not Established Cause and Prejudice To Excuse the Procedural Default of Claim Four

Claim Four asserts that Petitioner's guilty plea was involuntary because the plea was the result of coercion by (a) the trial judge and (b) Petitioner's trial counsel. With respect to the trial judge's alleged coercion as set forth in Claim Four(a), traditional cause and prejudice cannot excuse the procedural default of that claim because the "cause" asserted by Petitioner is IADAC—which, as explained above, is itself procedurally defaulted. *See Edwards*, 529 U.S. at 451.

**MEMORANDUM DECISION AND ORDER - 19**

With respect to Petitioner's assertion in Claim Four that *trial counsel* rendered ineffective assistance by coercing him to plead guilty, this claim is not substantial under *Martinez* for the same reason as Claim Two—Petitioner plainly pleaded guilty because he did not want to be convicted of attempted strangulation, not as a result of threats or any other conduct by trial counsel (or by the judge):

The Court:        Mr. Northrup, did you understand the plea agreement that the prosecutor just explained to me?

The Defendant:  Yes, Your Honor.

The Court:        Do you have any questions of the prosecutor of anything that she has explained to me?

The Defendant:  No, Your Honor.

The Court:        Have you had ample opportunity to discuss this with your lawyer?

The Defendant:  Yes, Your Honor.

The Court:        Has your lawyer advised you of the alternatives and what all your options are to your satisfaction?

The Defendant:  Yes, Your Honor.

. . . .

The Court:        Okay. As you sit here—as you're sitting right now— do you understand . . . what the recommendations are and what all of this stuff means?

The Defendant:  Pretty much, Your Honor.

The Court:        Okay. Anything that you want to—anything further than you want to talk to [your lawyer] about?

The Defendant:  I don't believe so, Your Honor.

**MEMORANDUM DECISION AND ORDER - 20**

| The Court: | Okay. As you're sitting here right now, are you under the influence of any drug or alcohol? |
|---|---|
| The Defendant: | No, Your Honor. |
| The Court: | Do you have any difficulty reading and understanding English? |
| The Defendant: | No, Your Honor. |

. . . .

| The Court: | Do you think you are under any mental condition that affects your ability to make a rational decision? |
|---|---|
| The Defendant: | No, Your Honor. |
| The Court: | You're in full control of your mental capability and you're making this decision of your own free will? |
| The Defendant: | Yes. *I'm just scared to death of the attempted strangulation charge*. It makes it sound like I tried to kill my wife. So basically I'm taking those pretenses, but *it's of my own free will*. |
| The Court: | Okay. But the important part in this is it is your decision to make. *Has anybody twisted your arm or coerced you into this*? |
| The Defendant: | *No. It's just the nature of the attempted strangulation charge made me scared.* |

(State's Lodging A-3 at 9-14 (emphasis added).)

As can be seen from this colloquy, Petitioner pleaded guilty so that the prosecutor

would dismiss the attempted strangulation charge. He expressly told the judge that he had

not been threatened or coerced into pleading guilty. The underlying claim that

Petitioner's guilty plea was involuntary is wholly without factual support and, therefore,

is insubstantial. *See Martinez*, 132 S. Ct. at 1319.

**MEMORANDUM DECISION AND ORDER - 21**

For the above reasons, Petitioner has not shown that cause and prejudice exist to excuse the default of Claim Four.

> **D.     Petitioner Has Not Established Actual Innocence to Excuse the Procedural Default of His Claims**

Petitioner does not contend that he is actually innocent. Therefore, the actual innocence exception to procedural default, as set forth in *Schlup v. Delo*, does not apply to Petitioner's claims.

## CONCLUSION

Claim Three of the Petition is not cognizable on federal habeas review. Further, Claims One, Two, and Four are procedurally defaulted, and Petitioner has not established cause and prejudice (or actual innocence) to excuse that default. Therefore, Respondent's Motion for Summary Dismissal must be granted and the Petition dismissed with prejudice.

## ORDER

**IT IS ORDERED:**

1.     Petitioner's Motion for Appointment of Counsel/Habeas Corpus Federal (Dkt. 15) is DENIED.

2.     Petitioner's Motion for Extension of Time to File a Brief in Response to Summary Dismissal (Dkt. 16) is GRANTED.

3.     Respondent's Motion for Summary Dismissal (Dkt. 12) is GRANTED, and this entire action is DISMISSED with prejudice.

4.     The Court does not find its resolution of this habeas matter to be reasonably

**MEMORANDUM DECISION AND ORDER - 22**

debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

§ 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a

timely notice of appeal with the Clerk of Court. Petitioner may seek a

certificate of appealability from the Ninth Circuit by filing a request in that

court.

DATED: **September 9, 2015**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 23**